# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1882.

CASE 63—EQUITY—SEPTEMBER 7, 1882.

## McMeekin v. Hynes' ex'r.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. In an action by a creditor against an *executor de son tort* to recover a debt due from the decedent's estate, an answer that since the institution of the suit an administration upon the goods and chattels of the decedent had been granted, and that the administrator thus appointed is alone entitled to the assets of the estate, is insufficient.

2. There is no averment that he has delivered to the administrator the assets in his hands, nor that he has exhausted the assets in his hands in paying debts against the estate other than his own.

MUIR & HEYMAN FOR APPELLANT.

1. Taking the allegations of the petition and the admissions of the answer, it is clear that appellee has wrongfully taken into his possession a large amount of money and a note belonging to decedent's estate.

2. The appointment of an administrator by the Jefferson county court by no means relieves appellee from his liability to decedent's creditors. The theory of appellee is, that he may hold on to the assets, and be relieved by the appointment of the administrator. The authorities are against the proposition. (Williams' Law of Executors, pars. 210, 211, 217, 220; Brown's ex'r v. Durbin, 5 J. J. Mar., 170; Johnston v. Duncan, 3 Litt., 164; McKenzie v. Pendleton, 1 Bush, 164; O'Bannon v. Cord, MS. Op., Nov. 11, 1880; 2 N. H., 476; 1 Conn., 183; Gen. Stat., sec. 31, art. 2, chap. 39.)

J. S. KLINE FOR APPELLEE.

1. If an anxious creditor can, in the *interim* between the death of the decedent and the granting of administration upon his estate, have an action against a party who is simply the custodian of the property for safe-keeping, then the administration laws are a nullity.

2. The creditors' action is abated by the act of administration. (O'Bannon v. Cord, MS. Opin., Dec. 7, 1880.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellant against S. D. Tompkins as executor *de son tort* of W. R. Hynes, deceased.

The facts alleged constitute a cause of action against the appellee, and the principal ground of complaint is, that the court below erred in overruling the demurrer of the appellant to the first paragraph of appellee's answer.

The second paragraph is but a denial of the facts alleged, and the first contains the averment that, since the institution of the action by the appellant, an administrator of the goods and effects of the decedent had been appointed, and qualified in the Jefferson county court, and that the administrator alone is entitled to the assets of the estate. The demurrer to this plea should have been sustained. There is no averment that the assets in his hands had been delivered to the administrator either before or after the institution of the action by the appellant, and following the elementary authorities on the question, a plea that the assets had been delivered to the administrator after the institution of the action by the creditor would be held bad on demurrer. (Williams on Executors, vol. 1, pages 218, 219.)

The plaintiff below had a cause of action, if the facts alleged are established, and was seeking the recovery before there was any administrator, and the fact of the latter's appointment cannot have the effect to destroy the cause of

action and subject the plaintiff to the payment of costs. Nor can the appellee retain in his own hands, by reason of his wrongful act, if it results that he is an executor *de son tort*, his own debt, as against the claim of the appellant. He can derive no benefit as against creditors, and may be sued by either the rightful representative or a creditor. "An executor *de son tort* has all of the liabilities, but none of the privileges, belonging to an executor." (Williams on Executors, page 217.)

The case of O'Bannon v. Cord has no application to the question here.

He may show that he has exhausted the assets by the payment of the just debts of the deceased other than his own, and under our statute, when the estate is insufficient to pay debts, the chancellor, with the lawfully appointed administrator before the court, would, no doubt, undertake to administer the assets so as to produce equality in the distribution between creditors.

The demurrer to the first paragraph of the answer should have been sustained, and the judgment is therefore reversed, and cause remanded for proceedings not inconsistent with this opinion.